ABRAHAM GOTTLIEB AND MAURICE SEIFERT
v.
GEORGE N. BEATTY.

*Negligence—Personal Injuries—Obstruction of Street—Municipal Ordinance—Private Way.*

In an action brought to recover for personal injuries, alleged to have been occasioned through the failure of another to conform to a municipal ordinance touching the obstruction of streets, this court holds that the evidence showed that the place where the accident occurred was a private way;

that the admission of said ordinance in evidence on the part of the plaintiff was an error, which was not repaired by any instruction given; that the negligence, if any, was only such as the common law reproves, and that the judgment for the plaintiff can not stand.

[Opinion filed June 30, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Messrs. KRAUS, MAYER & STEIN, for appellants.

Mr. F. W. S. BRAWLEY, for appellee.

GARNETT, J.   The appeal is from a judgment for appellee, for personal injuries alleged to have been caused by appellants' negligence.   The suit was against appellants and the city of Chicago, but the city was found not guilty.   The declaration was composed of five counts, but a demurrer to the fourth count was sustained.

The third count stated that the city was possessed and had control of a public street called Jackson street, in said city, which it ought to have kept in good repair and free from obstructions, but not regarding its duty while it so had control of such street, it and the other defendants negligently put and placed divers guy-ropes in, across and along said street, and wrongfully omitted to keep said guy ropes at least ten feet above the surface of the street, contrary to the following ordinance of the city:

" Section 1101.   Iron bars shall not be driven in the roadway of any street for the purpose of attaching guy-ropes of derricks.   Posts may be set up opposite any derrick for the purpose of attaching guy-lines.   Such posts shall not be less than eight inches square, of sound timber, sixteen feet long, set at least four feet into the ground.   Guy-ropes attached to such posts shall be kept at least ten feet above the surface of the street;" and that by means thereof the plaintiff, while lawfully and with due care passing in a wagon along a certain highway over and across Jackson street, was thrown to the ground by one of the ropes not ten feet above the surface of the street, and sustained personal injuries.

The injury to the plaintiff happened June 25, 1888, under a viaduct which appellants were then building, by contract with the city, as a continuation of Jackson street. The structure extended from the east line of Canal street to the Chicago river, and crossed at an elevation of about eighteen feet, the north and south railroad tracks of the P., Ft. W. & C. R. R. Co. and other companies. From a stipulation of the parties it appeared on the trial that Jackson street, between the river and Canal street, was platted and recorded in 1832 (by whom does not appear), but that it was never used or improved as a street until after the viaduct and the Jackson street bridge were constructed, which was after the time of the accident to the plaintiff, and that the ground beneath the viaduct was then and theretofore used by the railroad companies for commercial purposes. Parol evidence was also introduced, showing that for twenty years preceding the trial, the railroad companies had been in exclusive possession of the land so platted as Jackson street, and there was no evidence to the contrary.

Between two of the railroad tracks there was a roadway running north and south from Madison to Van Buren street, and crossing, under the viaduct, the land which appellee claims was a part of Jackson street. That roadway was a private way, used only for the purpose of getting freight to and from the railroad depot. Up to the time of the trial the city had never taken charge of, or exercised or assumed any authority over, this roadway. It is the same "highway" upon which, the plaintiff avers in the third count of the declaration, he was traveling when he was injured, but it is to be noted that the evidence clearly shows that it was not a highway, but a mere private way.

After the stipulation was introduced in evidence, and plaintiff's own witness had fully testified to the facts which established the private character of the roadway, the ordinance set out in the third count was admitted in evidence over the objection and exceptions of the defendants. When the ordinance was offered, it was manifest from the evidence for the plaintiff that he could not recover under the third count, and

the ordinance was not averred in, and so not admissible under any other count. The ordinance does not apply, and was not intended to apply, to private roadways. The city was powerless to control or regulate this private way. Yet, for the purpose of fixing the attention of the jury upon the supposed infraction of the law, evidence was introduced tending to prove that the rope which produced the mischief was hanging less than ten feet above the roadway.

The admission of the ordinance in evidence was material error, which, however, might have been repaired by instruction. But an instruction asked by defendants, directing the jury to disregard the third count of the declaration, was refused. Thus the jury was left to infer that the ordinance and its alleged violation made out a case against appellants.

If they were guilty of negligence, it was only such as the common law reproves, and the plaintiff should have been content to charge them with that alone. The evidence does not make a case that warrants us in overlooking these errors. The judgment is reversed and the cause remanded.

*Reversed and remanded.*